Opinion issued January 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00107-CR

———————————

Michael Lee MCDaniel, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 180th District Court

Harris County, Texas



Trial Court Case No. 1254831

 



 

MEMORANDUM OPINION

A jury
convicted appellant, Michael Lee McDaniel, of aggravated assault on a public servant
and assessed punishment at seven years in prison.  See
Tex. Penal Code Ann. §§ 22.01,
22.02 (West 2011).  In his sole issue, McDaniel
contends that the evidence was insufficient to support his conviction because
there was no evidence of intent.  We
affirm.

Background

Houston Police Department Officers
B. Wright, O. Brown, and L. Menendez-Sierra received a call about a weapons
disturbance at an apartment complex near their patrol areas.  All three uniformed officers went to the
apartment complex.  Officer
Menendez-Sierra spoke to William Johnson, who had made the report.  Officers Wright and Brown stood nearby and
listened to the conversation.  Johnson
informed them that his roommate, McDaniel, had locked him out of their
apartment after threatening to use a gun. 
Johnson showed the officers where the apartment was, and then, at the
officers’ instruction, waited where he could not be seen from the apartment.  

It was approximately midnight, but
all three officers testified that there was enough light outside McDaniel’s
apartment to see their uniforms.  Brown
testified that he turned up the volume on his police radio “so that the person
inside will know that it is police outside the door and it is not . . . anybody
returning to the door, like, playing a joke on them or . . . saying that they
are [] police to get back into the residence.” 
Wright knocked forcefully on the door and announced loudly, “Houston
Police Department,” three times, using three short knocks each time for a total
of nine knocks on McDaniel’s door.  All
three police officers testified that when McDaniel opened the door, he was holding
near his waist a 9 mm black semiautomatic pistol, which was pointed in their
general direction.  Wright commanded
McDaniel to drop the weapon.  Instead of
dropping the weapon, McDaniel pointed it directly at Wright and
Menendez-Sierra, who were standing close by. 
Wright then stepped in front of Brown and Menendez-Sierra, tackled
McDaniel to the ground knocking the gun out of his hand, and subdued McDaniel
with force.  Wright testified that he
later asked McDaniel, “Didn’t you know it is police at the door?” and McDaniel replied
that he was trying to scare his roommate.

After Wright subdued McDaniel,
Menendez-Sierra located the gun, which was within McDaniel’s reach.  The gun was “unloaded” in the sense that
there was no bullet in the chamber, but the magazine was in the gun and filled
with eight bullets.  At trial,
Menendez-Sierra demonstrated how a bullet from the magazine clip could be
chambered in less than three seconds.

All three police officers testified
that when McDaniel pointed the gun at them, they feared for their lives and
felt threatened, and Brown and Menendez-Sierra testified that they probably
would have shot McDaniel if Wright had not stepped in front of them.  All three police officers testified that a 9
mm semiautomatic pistol is a firearm, and Wright and Sierra-Menendez testified
that it is also a deadly weapon.

McDaniel did not testify, and he
presented only one witness, who was not present during the alleged altercation
with Johnson or when the police arrived and could not tell the jury anything
else about the case.

Sufficiency of the Evidence

In his sole issue,
McDaniel challenges the sufficiency of the evidence to establish that he acted
with the intent necessary to commit aggravated assault.  Specifically, he argues that his statement
that he was trying to scare his roommate suggests that he thought his roommate
was at the door and that he was surprised by the police.  He also points to the facts that the officers
did not activate their sirens when approaching the apartment complex and that
the gun was unloaded. 

We review the legal
sufficiency of evidence to support a criminal conviction to determine “whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979.  As the exclusive judge of the facts, the jury
may believe or disbelieve all or any part of a witness’s testimony.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  The jury, which heard testimony from the witnesses,
was in the best position to weigh the evidence, and on appeal the court will
defer to the jury’s assessment of credibility under these circumstances. See Cain v. State, 958 S.W.2d 404, 408–09
(Tex. Crim. App. 1997).

A person commits
aggravated assault if he intentionally or knowingly threatens another with
imminent bodily injury and uses or exhibits a deadly weapon during the
commission of the assault.  Tex. Penal Code Ann. §§ 22.01(a)(2),
22.02(a)(2).  An offense under section
22.02 is a first degree felony if it is committed against a person the
defendant knows is a public servant while that person is lawfully discharging
an official duty.  Id. § 22.02(b)(2)(B).  “The
actor is presumed to have known the person assaulted was a public servant . . . if
the person was wearing a distinctive uniform or badge indicating the person’s
employment as a public servant . . . .”  Id. § 22.02(c).

McDaniel’s argument
that he was trying to scare his roommate implies that he did not know that he
was pointing his gun at police officers. 
However, the evidence introduced at trial demonstrated that all three
officers were wearing police uniforms, there was enough light outside
McDaniel’s door to see the uniforms, three times Officer Wright knocked and
loudly announced, “Houston Police Department,” and Officer Brown had turned up
the volume on his police radio as high as it would go and changed the station
to be certain that police radio sounds would be audible.  In addition, the evidence showed that it was only
after McDaniel opened the door and Wright commanded him to drop the weapon that
McDaniel raised his gun and pointed it directly at the police officers.  Although the officers testified that they did
not activate their sirens in response to the weapons disturbance call, a
rational jury could have found beyond a reasonable doubt that McDaniel saw the
officers in their uniforms before pointing the gun at them.

The evidence also
showed that the 9 mm semiautomatic pistol used by McDaniel was a firearm and a
deadly weapon, that the officers felt threatened and feared for their lives
when McDaniel pointed it at them, and that, although there was no bullet in the
chamber, McDaniel could have fired the gun within less than three seconds
because of the ease and speed with which a bullet from the magazine could be
chambered.

Viewing the evidence in the light most
favorable to the verdict, we conclude that a rational jury could have found
beyond a reasonable doubt
that McDaniel acted knowingly and intentionally in threatening Officer
Menendez-Sierra with imminent bodily injury by pointing a 9 mm semiautomatic
pistol at him.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. 
We hold that the evidence was legally sufficient, and we overrule McDaniel’s sole issue.

Conclusion

We affirm the judgment of the trial court.

 

 

                                                          Michael
Massengale

                                                          Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

Do not
publish.   Tex. R. App. P. 47.2(b).